## NEW OHIO LAWS--Continued

### AN ACT

To amend section 1069 GC., relating to the sale of personal property by an executor or administrator.

Sec. 10697. Personal Property, Executor or Administrator May Sell.—Within three months after the date of his bond, the executor or administrator shall sell the whole of the personal property belonging to the estate, which is liable for payment of debts and is assets in his hands to be administered, except promissory notes, unless as otherwise provided herein, and claims, demands, and rights in action which can be collected by him, and bonds and stocks when the sale thereof is not necessary to pay debts; and also except the following:

(1) Such as the widow or widower desires to take at the valuation by the appraisers, he or she securing payment therefor to the executor or administrator as other purchasers;

(2) Property specifically bequeathed, until the residue of the personal estate is sold, and found to be insufficient to pay the debts of the estate;

(3) The executor or administrator may defer the sale of the emblements or annual crops raised by timelabor, not severed from the land of deceased at the time of his death; beyond the three months herein prescribed for the sale of the assets. These may be sold before or after they are severed from the land at his discretion, in the mode prescribed for the sale of the assets. These may be sold before or after they are severed from the land at his discretion, in the mode prescribed for the sale of other goods and chattels. If by the terms of a last will the testator expresses a wish that no sale of his personal property be made, the court admitting it to probate at its discretion, may direct its omission. At a later period, on application of a party interested, the court may, and for good cause shall require, such sale to be made.

(4) The executor or administrator may sell and transfer, without recorse, any promissory notes secured by mortgage and the mortgage securing the same at not less than the face value thereof with accrued interest.

(5) The executor or administrator within one year after his appointment, unless for good cause shown further time is granted by the probate court, and unless he has made or is able to make distribution in kind to the parties who are entitled to their respective portions of the estate in his hands, may sell either at public or private sale, any promissory notes, claims, demands, rights in action, bonds and stocks by first obtaining an order of the probate court therefor. The probate court may order said executor or administrator to sell at public or private sale and shall fix the price for which any of said property may be sold, and the same shall not be sold for less than the price so fixed. Provided, further, that if said property shall not be sold on the first application, the executor or administrator shall report his proceedings to the probate court, and the court may make such further orders as he in his judgment may deem best.

Passed Feb. 8; app. Feb. 23; eff. May 24, 1923.

## COURT OF APPEALS of U. S.

### CINCINNATI

The United States is divided into nine Court of Appeals Circuits, each of which is made up of states. For each of these Circuits, the President appoints two Circuit Judges, and a Justice of the Supreme Court is assigned by that court to each Circuit, as Presiding Justice, the three thus selected constituting the Circuit Court of Appeals of the district. Ohio is in the Sixth Circuit.

Sixth Circuit—Comprised of the States of Ohio, Michigan, Tennessee, Kentucky.

Circuit Judges—Loyal E. Knappen, Grand Rapids, Michigan; Arthur C. Denison, Grand Rapids, Michigan; Maurice H. Donahue, New Lexington, Ohio.

Clerk—Arthur B. Mussman, Cincinnati.

Deputy Clerk—Frank A. Hight, Federal Building, Cincinnati.

Terms, at Cincinnati, Federal Building, on the first Monday of October, and adjourned sessions on the Tuesday after the first Monday of each other month in the year, except August and September.

At the October, February and May sessions of the court (called Calendar Sessions), there is a regular and peremptory call of the calendar containing all the cases on the docket, which should be ready for hearing.

At the July session, no cases are heard, except on special order of the court.

### RULES OF COURT
#### Return Days

All appeals, writs of error and citations must be made returnable not exceeding thirty days from the day of signing the citation, whether the return day fall in vacation or in term time, and be served before the return day.

#### Briefs

Counsel for defendant in error or appellee before the first day of the term if the clerk deliver to him a printed record of the case 60 days before the first day of such term; or 20 days if the record is delivered not less than 30 days before the first day of such terms, and in all other cases 15 days after receipt of such printed record, within the same time such counsel shall give to counsel of defendant in error or appellee five printed copies of such brief.

ROTHLISBERGER et al v. U. S.
U. S. Appeals, Sixth Circuit
No. 3760. Decided May 8, 1923

SEARCH AND SEIZURE—Legality of search warrant.

PER CURIAM.

#### Epitomized Opinion

Error to the U. S. District Court for western division of northern district of Ohio. Criminal prosecution of U. S. against E. and L Rothlisberger for having in their possession with knowledge, property which had been stolen while in interstate transportation. The Rothlisbergers were convicted and prosecuted error on the ground of an invalid search warrant. The search warrant identified the property to be searched only by giving street and erroneous number. The building searched, 121 Hay St., was a single family residence occupied by Rothlisberger family and owned by the mother, and L. Rothlisberger, the person named in the warrant, who was an adult son living with his mother. Warrant gave number as 123, but there was no evidence to show there was any building number 123 or that there was any doubt as to the house intended. The Circuit Court of Appeals in affirming judgment of Judge Killits held:

1. A search warrant which describes premises to be searched only by street and number, which number is not exactly that of premises searched, and which means a person who is neither householder or owner of premises searched but member of owner's famimly, is not invalid and evidence secured thereby is admissible.

Attorneys—N. H. Deeds and S. A. Grzezinski, for plaintiffs; G. J. Pilliod (E. S. Wertz and G. R. Effler on the brief), for U. S.